

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-28-2003

# Fotta v. UMWA Health

Precedential or Non-Precedential: Non-Precedential

Docket 01-2097

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Fotta v. UMWA Health" (2003). *2003 Decisions.* Paper 705.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/705

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-2097

_____

ABRAHAM FOTTA, individually and
on behalf of all other persons
similarly situated,

Appellant

v.

TRUSTEES OF THE UNITED MINE WORKERS
OF AMERICA, HEALTH AND RETIREMENT FUND
OF 1974; MICHAEL HOLLAND; DONALD
PIERCE; ELLIOT SEGAL;
JOSEPH STAHL, II

_____

O R D E R

_____

In order to correct a typographic error in a citation made in the fourth paragraph of Section III. A. 1 of the Court's opinion filed February 11, 2003, it is hereby O R D E R E D that the following text is substituted for that paragraph:

> In fact, Fotta I did not even address the issue of liability. It determined who has a cause of action under § 502(a)(3)(B). Before Fotta I, only an ERISA beneficiary who had brought a legal action to recover wrongfully withheld benefits could sue for interest under § 502(a)(3)(B). See, e.g., Anthuis, 971 F.2d at 1010. In Fotta I, we were asked to decide whether a beneficiary who recovered wrongfully withheld benefits without resorting to litigation could sue under § 502(a)(3)(B). Fotta I, 165 F.3d at 211. ("This appeal raises an issue of first impression for this court: whether a beneficiary who has been able to receive his her benefits due under an ERISA plan only

after considerable delay, but without resorting to litigation to recover that payment, has a cause of action [under § 502(a)(3)(B)].") We determined that § 502(a)(3)(B) did provide a cause of action for such plaintiffs. We did not, however, address the standard of liability that would trigger an obligation to pay interest.

For the Court,


/s/ Marcia M. Waldron
Clerk


Dated: March 28, 2003